## ANDERSON vs THOMAS.

### Opinion Delivered October 1, 1898.

*1.  Error—Not assigned Below.*

No exception having been taken below, error cannot be excepted
to on appeal.                                    •

*2.  Forcible Entry and Detainer—Title of Plaintiff—Evidence.*

In a suit for possession of the B. H. lease, testimony that plain-
tiff had sold his interest in the J. H. lease is immaterial,
although there be a claim by defendant that a part of the land
in controversy is included in the J. H. lease.

Appeal from the United States Court for the Southern
District.

C. B. KILGORE, Judge.

Action of unlawful detainer by Charley Thomas and
G. M. Wildeman against G. G. Anderson and J. H. Johnson,
Judgment for plaintiffs.   Defendants appeal.   Affirmed.

On the 21st day of August, 1896, the plaintiffs, Charley
Thomas and G. M. Wileman, commenced an action of unlaw-
ful detainer against the defendants, G. G. Anderson and J.
H. Johnson, by filing their complaint, and causing summons
to be issued thereon.   On the same day a writ of possession
was issued, and the same was duly executed, and plaintiffs
were put into possession of the premises.   On September 9,
1896, plaintiffs filed their amended complaint, alleging that the
plaintiff Charley Thomas leased to the defendant Anderson
a certain tract of land for the term of two years, and that
the lease to the same had expired; that the plaintiff Thomas
leased to the plaintiff Wileman about 300 acres of this land

off of the western side of the tract; that the defendant Anderson fenced off about 100 acres of the said 300 acres on the east side of the said tract; that the defendant Johnson came into possession of the said 100 acres of land as agent or subtenant of the defendant Anderson; that said land was in the possession of defendants at the commencement of the suit; that the plaintiffs were the owners of the said 100 acres of land, and were entitled to the immediate possession of the same; that plaintiffs had given defendants lawful notice to quit and deliver up to them the possession of said premises, but the defendants failed and refused to do so, but unlawfully detained the same from them. To this is added a prayer for writ of possession, for judgment for possession of the premises, and other equitable relief. Separate answers were filed by defendants, in which the allegations in the complaint were denied generally, and especially denying that the land and the premises described in the complaint were the same that they rented from the plaintiff Thomas, or any part of the same. On February 1, 1897, defendants filed their demurrer to plaintiffs' complaint. On the same day defendants filed their motion to strike out of the complaint the name of the party plaintiff Wileman. On the 3d day of February, 1897, the cause was submitted to a jury, and on the following day the jury rendered a verdict in favor of plaintiffs. Thereupon the trial court rendered judgment in favor of plaintiffs against defendants for the possession of the premises in controversy and all costs. On the 4th day of February, 1897, defendants filed their motion for a new trial, which was overruled by the court, to which ruling defendants excepted. On the 8th day of Februry, 1897, defendants filed their motion for appeal, and the same was allowed by the court.

*A. C. Cruce* and *J. W. Cherryhomes*, for appellant.

A subequent lessee, though by the terms of his leave

with the original or common landlord, entitled to possession, cannot maintain unlawful detainer against the former tenant who unlawfully holds over. Mansf. Dig. § 3348; McCauley vs Hazlewood, 59 Fed. 877; Hardy vs Ketchum, 67 Fed. 282. In an action of unlawful detainer, a tenant may show that his landlord has parted with his title. Bettison vs Budd, 17 Ark. 546; Earle vs Hall, 31 Ark. 470.

*F. E. Ridde* and *E. M. Payne,* for appellees.

The action of unlawful detainer is a remedy for the benefit of landlords, against tenants who hold ever after the expiration of their term, and may be maintained by the lessor, his heirs, or assign to whom the land passes. Johnson vs West, 41 Ark. 535; Cortch vs Robinson, 31 Ark. 596; Burton vs Rohrbeck, 30 Minn. 393.

SPRINGER, C. J. Counsel for appellants submit four assignments of error in this case. The first and second assignments are on account of overruling the demurrer to the complaint and the motion to strike out the name of the plaintiff Wileman. This court will not pass upon these assignments of error, for the reason that no exceptions were taken at the time the court passed on the demurrer and motion, and it is too late to assign such errors for the first time in this court.

The third assignment is as follows: "(3) The court erred in refusing to allow defendants to prove that the plaintiff Thomas had conveyed all his right, title, and interest in and to the Jim Hughes lease." In the certificate of the trial judge to the bill of exceptions in this case is the following statement in reference to the proposed testimony: "On the trial of the case the defendant undertook to prove that the plaintiff Thomas had conveyed all his right and title to and interest in the Jim Hughes lease to some lawyers

(6)

in Paris.  Objection was made to this testimony because it was no portion of the land in controversy, and the court sustained the objection.'' Counsel for appellants, replying to this statement by the trial judge, contend that it was error to exclude the evidence on that ground; that the effect of the ruling was to take away from the jury the sole issue in the case, and decide it by the court.  But the testimony was immaterial upon any theory of the defense, for, if the jury should find that the land in controversy was a part of the Ben Hughes lease, it would be no defense to have shown that the plaintiff had disposed of this interest in the Jim Hughes lease; and if the jury should have found that the land in controversy was a part of the Jim Hughes lease, such defense would have been sufficient, for the plaintiff laid no claim to any part of the land in the Jim Hughes lease.  The burden of proof was on defendant to establish, by a preponderance of the evidence, that fact; and, if established, his defense was complete.  It would have been wholly immaterial whether the plaintiff had sold his interest in the Jim Hughes land or not, for he laid no claim to it.  It was not error to overrule the motion for a new trial, as no reversible error is found in the record of the proceedings of the court. The judgment of the court is affirmed.

CLAYTON and TOWNSEND, J. J., concur.